Argued October 29, affirmed as modified December 18, 1975

HARRIS, *Appellant, v.* BARCROFT, *Respondent.*

543 P2d 656

*William B. Reisbick,* Milwaukie, argued the cause and filed a brief for appellant.

*Alan K. Brickley,* Portland, argued the cause for respondent. With him on the brief were Peterson, Susak & Peterson, P.C., and Frank J. Susak, Portland.

PER CURIAM.

This is a suit for specific performance of a contract under which plaintiff claims the right of possession of a female dog during breeding, whelping and while the pups are raised to maturity. Defendant prays for a dismissal of plaintiff's suit and for a decree rescinding the contract. The trial court granted the relief sought by defendant.

The evidence, consisting for the most part of the testimony of plaintiff and defendant, is conflicting. The trial court accepted defendant's version of the facts and we do also. Viewing the facts in this light, the transactions between plaintiff and defendant were as follows. Defendant purchased a female Doberman Pinscher, named Dobra, from plaintiff for $175.00. It was agreed that plaintiff was to have the first pick and one half of the puppies from the first two litters and the right to select the stud for these two breedings. This was to provide plaintiff with the opportunity to continue the bloodline of Dobra. Plaintiff was to have the right to show the dog and in order to make him eligible to do so plaintiff was registered with the American Kennel Club as co-owner with defendant. Defendant was obligated to pay the stud fee, and the cost of transporting Dobra to the dog shows.

At first several attempts were made to breed Dobra, but these efforts were unsuccessful. Plaintiff suggested that they should use a stud named Peace Breaker owned by plaintiff. Based upon this suggestion, defendant purchased Peace Breaker from plaintiff and bred Dobra to that stud. Seven puppies were born from that breeding, four of which died. Plaintiff was offered by letter the pick of that litter but he did not respond to it. There was evidence that thereafter plaintiff attempted to get possession of Dobra illegally.

The trial court entered a decree dismissing plaintiff's suit for specific performance "for the reason that the plaintiff failed to prove that the personal property that was the subject of this suit was unique, and therefore subject to equity court's jurisdiction." We disagree with the trial court's reasoning.

■■ The evidence indicated that Dobra was of championship caliber. She was, therefore, a unique chattel and specific performance would be an appropriate remedy for her recovery if an equitable basis for relief could be established. However, plaintiff did not make out a case for such relief. Accepting, as we do, defendant's version of the facts, plaintiff had the opportunity to select the stud for the breeding of Dobra and the opportunity to take his share of the litter in accordance with the agreement between the parties, but he failed to do so. He is in no position to now seek the aid of equity to obtain what defendant had already made available to him. For this reason, rather than the reason given by the trial court, plaintiff's case is dismissed.

■ The trial court also ordered that "plaintiff sign all necessary documents in order to transfer the full ownership of * * * Dobra to the defendant." The trial court also decreed that the contract involved in this suit was "rescinded." Since rescission ordinarily

entails placing the parties in status quo ante, this part of the decree did not accurately describe the relief granted. We take it that the court used the term "rescinded" in the sense of terminating all of plaintiff's rights under the contract. We are likewise of the opinion that plaintiff should be denied any relief in this case. We base this conclusion on the ground that plaintiff comes into equity with unclean hands. The evidence shows that plaintiff was convicted of conspiracy to commit theft of Dobra from defendant. There is also evidence that on at least one other occasion plaintiff had sold one of his dogs and thereafter attempted to repossess it for the purpose of reselling it. Plaintiff's conduct precludes him from seeking the aid of equity.

The decree of the trial court is affirmed as modified.